IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| LEROY RICHARD STOCKER (deceased), by next best friend SHANNON LYNN MARIE STOCKER, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. GOVERNMENT, DEPARTMENT OF JUSTICE, a law enforcement agency with The U.S. Government; U.S. MARSHALS SERVICE, a law enforcement agency with the U.S. Government; BENTON COUNTY, SHERIFF KENNY CHRISTOPHER, DEPUTIES, a law enforcement agency of Benton County, Tennessee; HENRY COUNTY, SHERIFF JOSH FREY, DEPUTIES, a law Enforcement agency of HENRY COUNTY, TENNESSEE; STATE OF TENNESSEE, DIRECTOR AND AGENTS OF TENNESSEE BUREAU OF INVESTIGATION, a law Enforcement agency of the State of Tennessee; <br><br> Defendants. | No. 1:22-cv-1083-STA-jay |

### ORDER GRANTING SHERIFF JOSH FREY AND HENRY COUNTY'S MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 86)

Before the Court is Defendants Sheriff Josh Frey and Henry County's Motion to Dismiss (ECF No. 86) filed January 30, 2023. Plaintiff Shannon Lynn Marie Stocker has not responded to the Motion, and the time to respond has now expired. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

I.      **Factual Allegations**

For purposes of deciding Defendant's Motion, the Court accepts as true the following well-pleaded facts from the Amended Complaint. Plaintiff's decedent Leroy Richard Stocker was a resident of Big Sandy, Benton County, Tennessee. (Am. Compl. ¶ 2.) Plaintiff is Mr. Stocker's mother and next of kin. (*Id.* ¶ 3.) According to the Amended Complaint, Mr. Stocker allegedly had outstanding warrants for his arrest. (*Id.* ¶ 12.) On May 4, 2021, Agent Joe Frye of the United States Marshals Service "pinged" Mr. Stocker's cell phone and determined that Mr. Stocker was located at 307 George Street, in Camden, Tennessee. (*Id.*)  Agent Frye contacted Sheriff Kenny Christopher to request assistance from the Benton County Sheriffs Department. (*Id.* ¶ 13.) Upon arriving at the George Street address, Sheriff Christopher contacted Sheriff Josh Frey of the Henry County Sheriffs Department and requested the assistance of the Henry County SWAT team. (*Id.* ¶ 14.)

At approximately 2:30 p.m., "Defendants," whom the Amended Complaint does not identify by name, began deploying cannisters of oleoresin capsicum ("OC") into the home located at the George Street address while Mr. Stocker was still inside the residence. (*Id.* ¶ 16.) The property was approximately 1,245 square feet. (*Id.* ¶ 17.) Law enforcement continued to deploy the cannisters into the home from 2:30 p.m. until almost 9:00 p.m. (*Id.* ¶ 18.) The Amended Complaint alleges that neither Sheriff Christopher nor Sheriff Frey properly supervised the deployment of the cannisters. (*Id.* ¶ 19.) Based on the size of the structure, the Amended Complaint alleges that law enforcement should have deployed only two to four cannisters. (*Id.* ¶ 20.) Instead, the officers deployed 54 cannisters "negligently, intentionally, and for [sic] willful and wanton disregard for [Mr. Stocker's] life." (*Id.* ¶ 21.) The structure caught fire while Mr. Stocker was still

inside. (*Id*. ¶ 22.) Mr. Stocker died as a result. (*Id*.) After an autopsy, the medical examiner determined that Mr. Stocker's cause of death was thermal injury and smoke inhalation. (*Id*. ¶ 24.)

From these premises, Plaintiff alleges that Defendants are liable for the violation of Mr. Stocker's constitutional rights pursuant to 42 U.S.C. § 1983 and that Defendants are liable for Mr. Stocker's wrongful death under Tennessee law. The Amended Complaint alleges that the "Sheriffs" failed to "properly train" their deputies in the deployment of the "OC cannisters/chemical weapons." (*Id*. ¶ 23.) Plaintiff seeks an award of $1 million in damages.

## II.     Procedural History

Plaintiff filed her original Complaint (ECF No. 1) on May 3, 2022. The original Complaint named the U.S. Marshals Service; the Benton County Sheriff's Department; the Henry County Sheriff's Department; and the Tennessee Bureau of Investigation as Defendants. (Compl. ¶¶ 4-7.) Plaintiff prepared summons (ECF No. 1-2) and the Clerk of Court issued them (ECF Nos. 3, 8) as to the following parties: Benton County, Tennessee; the Benton County Sheriff's Department (through Sheriff Kenny Christopher); the Henry County Sheriff's Department (through Sheriff Josh Frey); the Tennessee Bureau of Investigation (through Special Agent De'Greaun Reshun Frazier); and the U.S. Marshals Service (through Tyreece L. Miller). Plaintiff filed separate affidavits of service as to the Tennessee Bureau of Investigation (ECF No. 15); the Benton County Sheriff's Department (ECF No. 16); the Benton County Mayor (ECF No. 17); and the Henry County Sheriff's Department (ECF No. 18), all returned on June 9, 2022. Plaintiff filed an unexecuted return for the summons issued for the U.S. Marshals Service (ECF No. 34) on August 16, 2022, then caused summons to re-issue as to the Marshals Service (ECF No. 36), and finally filed proof of service on the Marshals (ECF No. 39) on August 23, 2022.

On July 15, 2022, Plaintiff filed a motion to amend her pleadings (ECF No. 25). Plaintiff did so in response to a series of motions to dismiss filed by the Defendants, at least those who had been served at that point. The Court granted Plaintiff's request to amend on August 3, 2022, and Plaintiff filed her Amended Complaint (ECF No. 31) on August 12, 2022. The Amended Complaint contained most of the same factual allegations raised in the original Complaint but named in the pleadings' caption the following new parties as Defendants: the U.S. Government, Department of Justice; Benton County; Benton County Sheriff Kenny Christopher and "Deputies;" Henry County; Henry County Sheriff Josh Frey and "Deputies;" and the Director and Agents of the Tennessee Bureau of Investigation. In the body of the Amended Complaint, Plaintiff specified that she was naming Benton County Sheriffs Chief Deputy Jason Lowry (Am. Compl. ¶ 5), unknown members of the Henry County SWAT team (*id*. ¶ 6), and TBI Agents Bryant Allen and Joe Hudgins (*id*. ¶ 7) as Defendants. The body of the Amended Complaint also clarified that Plaintiff was suing Benton County and Henry County. The Amended Complaint added the wrongful death claim.

More motions to dismiss followed. When the TBI Defendants filed a motion to dismiss the Amended Complaint (ECF No. 40), Plaintiff conceded her claims against them. *See* Pl.'s Resp. (ECF No. 67) (requesting dismissal of the TBI Defendants "as further investigation has revealed only peripheral involvement of these Defendants"). Likewise, the Department of Justice and the U.S. Marshals Service filed a motion to dismiss (ECF No. 48), which Plaintiff also conceded. Plaintiff and the United States of America later filed a stipulation of dismissal (ECF No. 71), agreeing to the dismissal of Plaintiff's claims against the Department of Justice and the U.S. Marshals Service. The Court granted the TBI Defendants' and the Department of Justice and U.S. Marshals Service's motions to dismiss on January 3, 2023.

On January 3, 2023, the Court also ordered Plaintiff to show why the Court should not dismiss her claims for her failure to serve Defendants Benton County Sheriff Kenny Christopher, Henry County Sheriff Josh Frey, Benton County Chief Deputy Jason Lowry, and any and all other unnamed "Deputies" from each department. The Court cautioned Plaintiff that without showing good cause for her failure to serve these Defendants, the Court would dismiss her claims against them without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff filed a written show cause response, explaining that counsel had operated on the mistaken belief that service of the Amended Complaint on these Defendants was not required. Plaintiff requested a ten-day extension of time to have the Defendants served.

On January 10, 2023, the Court dismissed Plaintiff's claims against the unidentified "Deputies" of the Benton County Sheriff's Department and the Henry County Sheriff's Department for failure to serve them under Rule 4(m). The Court exercised its discretion to permit Plaintiff a short extension of time to serve the other Defendants she had not previously served with the Amended Complaint. Plaintiff filed proof of service as to Benton County, Henry County, Chief Deputy Jason Lowry, Sheriff Josh Frey, and Sheriff Kenny Christopher on January 19, 2023.

On February 6, 2023, the Court granted separate motions to dismiss filed by Defendants Benton County, Sheriff Kenny Christopher, and Chief Deputy Jason Lowry (ECF No. 42) and Defendant Henry County Sheriff's Department (ECF No. 43). The Court accepted Plaintiff's concession that she did not intend to pursue any claim against the Henry County Sheriff's Department. The Court went on to hold that the statute of limitations barred Plaintiff's claims against Sheriff Christopher and Chief Deputy Lowry. The Court further held that the Amended Complaint failed to state a failure-to-train claim under 42 U.S.C. § 1983 or a claim for wrongful death under Tennessee law against Benton County. The Court therefore dismissed all claims

5

against these Defendants, leaving only the Amended Complaint's claims against Henry County and Sheriff Frey.

### III.     Sheriff Frey and Henry County's Motions to Dismiss the Amended Complaint

In their Motion to Dismiss the Amended Complaint, Sheriff Frey and Henry County argue that the Court should dismiss all claims against them.  First, Defendants argue that Plaintiff's claims against them are now time barred.  Defendants' alleged conduct occurred on May 4, 2021. Plaintiff filed her original complaint on May 3, 2022, just at the one-year statute of limitations for the constitutional claim under § 1983 and the wrongful death claim under Tennessee law. Plaintiff filed her Amended Complaint on August 12, 2022, more than one year after the events of May 4, 2021, and therefore outside of the one-year statute of limitations. Sheriff Frey and Henry County argue that Plaintiff cannot take advantage of Federal Rule of Civil Procedure 15(c)'s relation back rule. While acknowledging that the original pleading had named the Henry County Sheriff's Department as a defendant, the Amended Complaint names Sheriff Frey and Henry County as altogether new parties. The relation back rule does not apply in that situation. The Court should dismiss the claims as time barred.

On the merits, Sheriff Frey and Henry County argue that the Amended Complaint fails to state a claim against either Defendant. The Amended Complaint does not plead how a county custom or policy was the moving force behind the alleged violations of Mr. Stocker's rights. Plaintiff has offered only conclusory allegations about a lack of training.  The Court should also dismiss any claim against Sheriff Frey in his individual or official capacities. The Amended Complaint makes only a conclusory allegation that Sheriff Frey failed to train subordinates, a deficiency that fails to state any individual capacity claim. To the extent the Amended Complaint

alleges such a claim against Sheriff Frey in an official capacity, the claim is really a claim against Henry County itself. Finally, Henry County has immunity from any claim against it sounding in civil rights violations or negligence. Defendants argue then that the Court should dismiss the Amended Complaint's claims against them.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility

7

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

For many of the same reasons the Court has already dismissed Plaintiff's claims against Benton County and some of its officials, the Court also holds that the Amended Complaint's causes of action against Sheriff Frey and Henry County must be dismissed. The Court holds first that the Amended Complaint's claims against Sheriff Frey are time barred. The statute of limitations on a claim for the violation of a constitutional right under 42 U.S.C. § 1983 is one year in Tennessee, meaning the limitations period on any claim Plaintiff had against Sheriff Frey ran on or around May 3, 2022, the same date on which Plaintiff filed suit. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a), and *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005)). A statute of limitations is an affirmative defense under Federal Rule of Civil Procedure 8(c), and so it is typically inappropriate to dismiss a claim as untimely on a Rule 12(b)(6) motion. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). But when the allegations on the face of the complaint show that the claim is time-barred, dismissal under Rule 12(b)(6) is proper. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Because Plaintiff filed her original Complaint on or near the last day of the limitations period, the Amended Complaint's claims against Sheriff Frey were filed out of time.

And nothing in Rule 15(c)'s relation back rule applies to save the untimely claims. Rule 15(c)(1)(C) states that an amendment that changes a defendant but arises out of the same conduct as the original complaint "relates back" if the newly named defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper

party's identity." *Zakora v. Chrisman*, 44 F.4th 452, 480 (6th Cir. 2022). However, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Id*. (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)). The Amended Complaint added new causes of action (the purported individual capacity claims) against a new party in the case (Sheriff Frey), only outside of the one-year statute of limitations. As the Sixth Circuit recently explained, the focus of Rule 15(c)(1)(C) is possible mistake in naming a party. *Zakora*, 44 F.4th at 482. In response to Sheriff Christopher's Rule 12(b)(6) motion, Plaintiff did not argue how a mistake was made in naming the wrong party in the original pleading or how except for such a mistake, the original Complaint would have named either the correct individual party.[1] Plaintiff has not responded at all to Sheriff Frey's Motion to Dismiss. The relation back rule does not apply to save Plaintiff's claims against Sheriff Frey. Therefore, Defendants' Motion to Dismiss the claims against Sheriff Frey is **GRANTED**.

Even if the Amended Complaint alleged official capacity claims against Sheriff Frey, the official capacity claims are in actuality claims against Henry County itself. Official capacity claims

---

[1] Some of Plaintiff's earlier briefing included remarks about counsel for Plaintiff's difficulty in getting more detailed information from law enforcement agencies, facts which would have permitted Plaintiff to identify parties sooner and perhaps even avoided the need to file an amended pleading in the first place. But difficulty in learning the identity of all of the parties involved in the May 2021 events is not the same thing as a mistake. Just as in *Zakora*, counsel's effort to identify possible defendants suggests that he "did not make a mistake about which defendant to sue; [he] simply did not know whom to sue . . . within the limitations period." *Id*. (quoting *Smith v. City of Akron*, 476 F. Appx 67, 69 (6th Cir. 2012)). As the Court of Appeals noted, "Rule 15(c) offers no remedy for this problem." *Id*.

Moreover, the Sixth Circuit observed that although "this bright-line rule may bar some cases where a justification for the delay exists, equitable tolling should serve as an adequate safety valve for those plaintiffs with good excuses." *Id*. (quoting *Brown v. Cuyahoga County*, 517 F. Appx 431, 435 (6th Cir. 2013)). In this case Plaintiff has not requested equitable tolling, cited any case law on equitable tolling, or articulated any argument for the equitable tolling of her claims against Sheriff Frey.

9

against a county sheriff or a deputy are "nothing more than a suit against" the county itself. *Nallani v. Wayne Cnty.*, 665 F. App'x 498, 512 (6th Cir. 2016) (quoting *Petty v. Cty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007)). Assuming the Amended Complaint can be read to allege official capacity claims against Sheriff Frey, the Court's analysis of the official capacity claims merges with its analysis of the claims against Henry County.

The relation back rule's application to the claims against Henry County is somewhat more complicated. The original Complaint named the Henry County Sheriff's Department as a party and served Sheriff Frey with summons and a copy of the pleading. *See* Summons Returned Executed, June 9, 2022 (ECF No. 18). Just as the official capacity claim against Sheriff Frey is really a claim against Henry County, the claim against the Sheriff's Department, which the Court has already dismissed, is also in actuality a claim against the County. The Court need not examine the issue more closely than this. For the sake of deciding Henry County's Motion to Dismiss, the Court will assume that the relation back rule applies to save what would be an otherwise untimely claim against Henry County.

Turning to the merits of the Amended Complaint's § 1983 and wrongful death claims against Henry County, the Court holds that the Amended Complaint fails to state a plausible § 1983 claim against Henry County. When a § 1983 claim is made against a municipality or other local government, a plaintiff must prove a direct causal link between a municipal policy or custom and the alleged violation of the plaintiff's constitutional rights. *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). This means the plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). A plaintiff can establish a

10

*Monell* claim by showing one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Osberry v. Slusher*, 750 F. App'x 385, 397 (6th Cir. 2018) (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).

The Sixth Circuit has held that in cases where a plaintiff brings a failure-to-train *Monell* claim, the plaintiff must allege each of the following elements: "(1) a clear and persistent pattern of illegal activity, (2) which the [county] knew of or should have known about, (3) yet remained deliberately indifferent about, and (4) that the [county's] custom was the cause of the deprivation of [his] constitutional rights." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 767 (6th Cir. 2020) (citing *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016)).  The Amended Complaint in this case alleges none of these elements and therefore fails to state a *Monell* claim. At best, Plaintiff has made bare, vague, and conclusory allegations about Henry County's alleged lack of training in one instance.  The allegation fails to "identify a pattern of illegal activity to which [Henry County] was deliberately indifferent." *Briggs v. Hogan*, No. 21-5581, 2022 WL 985825, at *6 (6th Cir. Apr. 1, 2022).  Without more to allege each of the essential elements of the § 1983 claim, the Amended Complaint fails to state a failure-to-train claim.  Henry County's Motion to Dismiss the Amended Complaint must be **GRANTED** as to the § 1983 failure-to-train claim.

This just leaves Plaintiff's wrongful death claim under Tennessee law.  The Tennessee Governmental Tort Liability Act codifies the Tennessee common law rule of sovereign immunity for governmental entities and consequently controls the liability of Henry County for torts committed by its employees and agents. Tenn. Code Ann. § 29-20-201; *Limbaugh v. Coffee Medical Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001). The GTLA provides that Tennessee governmental

11

entities "shall be immune from suit for an injury which may result from the activities of such governmental entities" except as otherwise provided in the statute. Tenn. Code Ann. § 29-20-201(a). The statute removes immunity for "injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except* if the injury arises out of . . . civil rights" violations. Tenn. Code Ann. § 29-20-205(2) (emphasis added).

The GTLA's civil rights exception has been construed to include 42 U.S.C. § 1983 claims. *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010). A negligence claim falls under the civil rights exception where "the same circumstances giv[e] rise to both the negligence and civil rights claims." *Partee v. City of Memphis*, 449 F. App'x. 444, 448 (6th Cir. 2011) (alteration in original). Plaintiff's wrongful death claims against Henry County arise out of the same events that form the basis for her § 1983 civil rights claims. The Court holds then that Henry County retains sovereign immunity from Plaintiff's wrongful death claim. Therefore, Defendants' Motion to Dismiss must be **GRANTED** as to the wrongful death claim.

## CONCLUSION

The Court holds that the Amended Complaint's individual capacity claims against Henry County Sheriff Josh Frey are barred by the statute of limitations. What is more, the Amended Complaint fails to plead the elements of a plausible *Monell* failure-to-train claim against Henry County. Henry County has sovereign immunity from Plaintiff's wrongful death claim pursuant to the GTLA's civil rights exception. Therefore, Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  April 5, 2023.